UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RED TREE INVESTMENTS, LLC,

              Plaintiff,

v.

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

              Defendants.

Case No. 19 Civ. 2519 (PKC)

## FINAL JUDGMENT

For the reasons stated in this Court's Memorandum Opinion and Order dated December 22, 2021 (Dkt. 136):

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is hereby entered in favor of Red Tree Investments, LLC, and against Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A., jointly and severally, in the following amounts:

| Notes | Unpaid Principal | Accrued Interest | Total |
| --- | --- | --- | --- |
| 2015 Notes | $21,379,633.74 | $6,911,583.83 | $28,291,217.57 |
| 2016 Notes | $96,979,881.49 | $32,669,112.30 | $129,648,993.79 |
| Total | $118,359,515.23 | $39,580,696.13 | $157,940,211.36 |

It is FURTHER ORDERED, ADJUDGED, AND DECREED that post-judgment interest from the date of this judgment will accrue at the 8.5% default interest rate as provided in §2.04 of the 2015 Note Agreement, and in §2.04 of the 2016 Note Agreement.

Dated: 1-6-22
New York, New York

Hon. P. Kevin Castel
United States District Judge

CERTIFIED AS A TRUE COPY ON
THIS DATE 2/8/2022
BY _X. Mango_
( ) Clerk
(✓) Deputy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RED TREE INVESTMENTS, LLC,

                            Plaintiff,

-against-                                          19-cv-2519 (PKC)
                                                                   19-cv-2523 (PKC)

PETRÓLEOS DE VENEZUELA, S.A. and            ORDER
PDVSA PETRÓLEO, S.A.,

                            Defendants
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendants seek a judicial stay of the judgments until plaintiff Red Tree obtains an OFAC license to enforce the judgments or the relevant OFAC regulations are lifted. Plaintiff Red Tree Investments, LLC ("Red Tree") seeks leave of Court pursuant to 28 U.S.C. § 1963 to register the judgments in the District of Delaware as soon as the 30-day automatic stay expires. Defendants' motion will be denied, and Red Tree's will be granted.

        This action does not call upon the Court to enforce or interpret the governing OFAC regulations. They are collateral to the judgments. If and to the extent that there is an OFAC regulation that, absence the grant of a license, blocks enforcement of the judgments, it is a responsibility of the party who seeks to enforce the judgments to ensure that they are in compliance. The Court expresses no view on the matter and there is no need for the Court to stay anything on that basis.

        With respect to registration of the judgments in the District of Delaware after the expiration of the 30-day automatic period, defendants assert that Red Tree has failed to

show good cause and further that registration of the judgments would violate OFAC regulations. Judge Sullivan less than a year ago addressed the standards under section 1963:

> Thus "[n]otwithstanding the pendency of an appeal," a judgment may be registered in another judicial district when ordered by the issuing court for "good cause." . . . "Good cause is established upon a mere showing that the party against whom the judgment has been entered has substantial property in the other foreign district and insufficient property in the rendering district to satisfy the judgment."

Latin American Music Company, Inc., et al. v. Spanish Broadcasting System, Inc., No. 13 Civ. 1526 (RJS), 2021 WL 2333894, at *1 (S.D.N.Y. May 7, 2021) (citations omitted).

Red Tree asserts that it is unaware of any assets of either defendant in this district. (Ellis Decl. ¶ 3.) In contrast, Red Tree claims that defendant "PDVSA owns 100% of the shares of PDV Holding, Inc., a Delaware corporation, which in turn owns CITGO Petroleum Corporation, a petroleum company believed to be worth over a billion dollars." (Id. ¶ 4.) This factual showing is sufficient to establish "good cause" to register the judgments in the District of Delaware.

The contention that Red Tree may not lawfully register the judgment without violating OFAC regulations is a matter on which the Court declines to opine. The question of OFAC compliance is collateral to the threshold question of whether Red Tree has shown good cause to register the judgments, and the Court concludes that it has.

Defendants' motion for a stay of enforcement pending action by OFAC is DENIED. Plaintiff's motion for leave to register the judgments in the District of Delaware upon the expiration of the 30-day automatic stay is GRANTED. Letter motions (Doc 147 in 19 Civ. 2519 and Doc 148 in 19 Civ. 2523) should be terminated by the Clerk.

SO ORDERED.

Dated: New York, New York
February 4, 2022

P. Kevin Castel
United States District Judge