### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

RED TREE INVESTMENTS, LLC,

                            Plaintiff,

             v.

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

                            Defendants.

Nos. 22 Misc. 68 & 22 Misc. 69

### OPENING BRIEF IN SUPPORT OF RED TREE INVESTMENTS, LLC'S MOTION FOR AN ORDER AUTHORIZING A WRIT OF ATTACHMENT *FIERI FACIAS*

Dated:    February 8, 2022

Steven F. Molo (*pro hac vice* pending)
Justin M. Ellis (*pro hac vice* pending)
Lauren F. Dayton (*pro hac vice* pending)
Mark W. Kelley (*pro hac vice* pending)
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Elizabeth K. Clarke (*pro hac vice* pending)
Pamela Yaacoub (*pro hac vice* pending)
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL  60654
Tel.: (312) 450-6700
Fax: (312) 450-6701

Respectfully submitted,

LANDIS RATH & COBB LLP

/s/ Rebecca Butcher
Rebecca Butcher (#3816)
Jennifer L. Cree (#5919)
919 Market Street
Suite 1800
Wilmington, DE 19899
(302) 467-4400
butcher@lcrlaw.com
cree@lrclaw.com

*Counsel for Red Tree Investments, LLC*

## **TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

SUMMARY OF ARGUMENT ........................................................................................... 2

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT ....................................................................................................................... 5

I.      The PDVH Shares Are Subject to Attachment .................................................... 5

        A.      Delaware Law Permits Attachment of PDVSA's PDVH Shares ........................... 6

        B.      FSIA's Requirements Are Satisfied .......................................................... 6

                1.      The PDVH Shares Are "Property in the United States" ............................ 6

                2.      PDVSA Is Engaged in Commercial Activity in the United States ............. 6

                3.      PDVSA Has Waived Immunity from Attachment and Execution.............. 8

                4.      A Reasonable Amount of Time Has Passed Since Entry of
                        Judgment ............................................................................ 9

II.     Sanctions Do Not Bar Red Tree's Requested Relief ....................................... 12

        A.      Granting Red Tree's Motion Will Not "Transfer" or "Alter" PDVSA's
                Property.................................................................................... 12

        B.      In the Alternative, this Court Should Permit Red Tree To Take Any
                Action Other Creditors Are Authorized To Take ................................... 14

CONCLUSION.................................................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alberta Sec. Comm'n v. Ryckman,*
No. N13J-02847, 2015 WL 2265473 (Del. Super. Ct. May 5, 2015)........................................6

*Casa Express Corp. v. Bolivarian Republic of Venez.,*
492 F. Supp. 3d 222 (S.D.N.Y. 2020)...................................................................14

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.,*
No. 17 Misc. 151, 2018 WL 4026738 (D. Del. Aug. 23, 2018) ...............................13

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.,*
333 F. Supp. 3d 380 (D. Del. 2018).................................................................7, 8

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.,*
932 F.3d 126 (3d Cir. 2019).................................................................. *passim*

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.,*
No. 16 Civ. 661, 2017 WL 6349729 (D.D.C. June 9, 2017) ...............................9, 11

*Dames & Moore v. Regan,*
453 U.S. 654 (1980)..........................................................................13

*Elliott Assocs., L.P. v. Banco De La Nacion,*
No. 96 Civ. 7916, 2000 WL 1449862 (S.D.N.Y. Sept. 29, 2000) ...........................9

*Flemming v. Thompson,*
343 A.2d 599 (Del. 1975) ...................................................................14

*Itek Corp. v. First Nat'l Bank of Bos.,*
704 F.2d 1 (1st Cir. 1983)..................................................................13

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,*
No. 01 Civ. 634, 2002 WL 32107929 (S.D. Tex. Jan. 25, 2002) .....................10, 11

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,*
313 F.3d 70 (2d Cir. 2002)...................................................................9

*Libra Bank Ltd. v. Banco Nacional de Costa Rica, S. A.,*
676 F.2d 47 (2d Cir. 1982)...................................................................9

*LNC Inv., Inc. v. Democratic Republic of Congo,*
69 F. Supp. 2d 607 (D. Del. 1999)...........................................................13

*Ned Chartering & Trading, Inc. v. Republic of Pakistan,*
130 F. Supp. 2d 64 (D.D.C. 2001)...........................................................11

ii

*Oak Priv. Equity Venture Cap. Ltd. v. Twitter, Inc.*,
No. N14C-10-186, 2015 WL 7776758 (Del. Super. Ct. Nov. 20, 2015)................................14

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*,
419 F. Supp. 3d 51 (D.D.C. 2019) ...................................................................10, 11

*Owens v. Republic of Sudan*,
141 F. Supp. 3d 1 (D.D.C. 2015) .............................................................................11

*Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venez.*,
No. 18 Civ. 11940, 2021 WL 2168916 (S.D.N.Y. May 27, 2021)........................10

*Red Tree Invs., LLC v. Petróleos de Venez., S.A.*,
Nos. 19 Civ. 2519 & 2523, 2021 WL 6092462 (S.D.N.Y. Dec. 22, 2021)...................3, 4, 11

*Republic of Argentina v. Weltover, Inc.*,
504 U.S. 607 (1992)..................................................................................................7

*Short v. Landes*,
39 A.2d 17 (Del. Super. Ct. 1944) ..........................................................................14

*UMS Partners, Ltd. v. Jackson*,
Nos. 94J-12-159H-17-076, 95E-01-043, 1995 WL 413395 (Del. Super. Ct.
June 15, 1995)...........................................................................................................5

*Warmbier v. Democratic People's Republic of Korea*,
No. 18 Civ. 977, 2019 WL 11276677 (D.D.C. Apr. 9, 2019) ................................10

*Wilmington Tr. Co. v. Barron*,
470 A.2d 257 (Del. 1983) ........................................................................................13

## Rules & Statutes

28 U.S.C. § 1603(d).........................................................................................................7

28 U.S.C. § 1610(a) ......................................................................................................7, 8

28 U.S.C. § 1610(b)...............................................................................................*passim*

28 U.S.C. § 1610(c).........................................................................................3, 5, 9, 10

28 U.S.C. § 1963 ..............................................................................................................4

Fed. R. Civ. P. 69(a)(1)..............................................................................................5, 13

31 C.F.R. § 591.202(e)...................................................................................................12

31 C.F.R. § 591.407 ....................................................................................................3, 12

6 Del. C. § 2-105(1) .................................................................................................14

8 Del. C. § 169 ....................................................................................................2, 6

8 Del. C. § 324(a) ............................................................................................2, 5, 6

10 Del. C. § 5031 .............................................................................................2, 5, 6

10 Del. C. § 5081 .........................................................................................3, 13, 14

### OTHER AUTHORITIES

H.R. Rep. 94-1487 (1976) ............................................................................................9

U.S. Dep't of Treasury, OFAC, Venezuela Sanctions, FAQ No. 808 (Dec. 9, 2019), http://bit.ly/faq808 ..........................................................................................13

*PDV Holding, Inc. Announces New Board Members Appointments*, PDV Holding (June 23, 2021), https://bit.ly/3AT4D6e ........................................................................7

*Venezuela's opposition names new members to PDVSA ad-hoc board*, Reuters (June 30, 2020), https://reut.rs/3GoC55n ........................................................................7

*Venezuelan opposition reshuffles boards overseeing U.S. refiner Citgo*, Reuters (June 2, 2021), https://reut.rs/3GiYukN ..........................................................................7

Red Tree Investments, LLC ("Red Tree") respectfully submits this brief in support of its motion for an order authorizing a writ of attachment *fieri facias* against shares of PDV Holding, Inc. owned by judgment debtor Petróleos de Venezuela, S.A. ("PDVSA").

## **INTRODUCTION**

PDVSA, Venezuela's state-owned oil company, owes Red Tree over $246 million under two judgments issued by the U.S. District Court for the Southern District of New York.  PDVSA has made zero effort to pay that debt.  Given PDVSA's refusal to pay, PDVSA's financial distress, and the demands of PDVSA's other creditors, there is no reason to think PDVSA will ever voluntarily pay its debt to Red Tree.

To satisfy that debt, this Court should find that Red Tree may attach PDVSA's shares in the Delaware corporation PDV Holding, Inc. ("PDVH"), which PDVSA wholly owns.  Delaware law permits the attachment and garnishment of a judgment debtor's shares in a Delaware corporation to pay a judgment debt.  The requirements of the Foreign Sovereign Immunities Act are also satisfied:  The PDVH shares are property in the United States; PDVSA has waived its sovereign immunity from attachment and execution for Red Tree's debt; the PDVH shares are not immune from attachment; and a reasonable time has passed since entry of judgment.

Although current U.S. sanctions administered by the U.S. Office of Foreign Assets Control (OFAC) may prevent a judicial sale or other final transfer of PDVSA's assets to Red Tree, they do not prevent this Court from taking all steps necessary to prepare to attach and execute on those assets.  The Court can and should find that those assets are subject to attachment and issue a *praecipe* to the Clerk of the Court while staying delivery of the writ to the U.S. Marshals Service until sanctions are lifted or Red Tree obtains an appropriate license from OFAC.  In the alternative, this Court should grant Red Tree the same rights permitted to other judgment creditors of PDVSA and Venezuela, including any relief granted in *Phillips Petroleum Co. v. Petróleos de Venezuela,*

*S.A.*, No. 19 Misc. 342 (D. Del.) ("*Phillips*"); *OI European Group B.V. v. Bolivarian Republic of Venezuela*, No. 19 Misc. 290 (D. Del.) ("*OI*"); *Northrup Grumman Ship Systems, Inc. v. Ministry of Defense of the Republic of Venezuela*, No. 20 Misc. 257 (D. Del.) ("*Northrup*"); and *ACL1 Investments Ltd. v. Bolivarian Republic of Venezuela*, No. 21 Misc. 46 (D. Del.) ("*ACL1*").

## SUMMARY OF ARGUMENT

1. Delaware law permits creditors to attach a debtor's shares in a Delaware corporation to satisfy any debt owed, 8 Del. C. § 324(a), including when the debtor's property is in the hands of a third party, 10 Del. C. § 5031. For that reason, Red Tree may attach the PDVH shares, which are PDVSA's property, to satisfy its unpaid judgments.

2. All requirements of the Foreign Sovereign Immunities Act (FSIA) for attachment have been met.

   a. PDVH is incorporated in Delaware. Its shares are "regarded as in" Delaware under Delaware law, 8 Del. C. § 169, and thus for FSIA purposes are "property in the United States," 28 U.S.C. § 1610(b).

   b. PDVSA is "engaged in commercial activity in the United States," 28 U.S.C. § 1610(b), because it continues to use its PDVH shares to conduct business in the United States. *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 932 F.3d 126, 150 n.15 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 2762 (2020).

   c. PDVSA explicitly waived its immunity from attachment or execution in three debt agreements with Red Tree, thus satisfying § 1610(b)'s waiver requirement.

   d. There is no evidence that PDVSA will either be able or willing to pay its debts to Red Tree anytime soon. PDVSA fought its obligation to pay the debt tooth and nail in front of the Southern District of New York and refused to satisfy that debt once judgment was entered. Moreover, any additional delay will significantly prejudice

2

Red Tree relative to other creditors.  As a result, a reasonable time has passed since entry of judgment.  28 U.S.C. § 1610(c).

3. OFAC sanctions also permit Red Tree's requested relief.  Red Tree asks that the Court authorize a writ of attachment *fieri facias* against the PDVH shares but not deliver that writ to the U.S. Marshals Service until Red Tree obtains the appropriate OFAC license or relevant sanctions are lifted.  Such relief stops short of creating an enforceable lien in the PDVH shares, *see* 10 Del. C. § 5081, and thus would not transfer or alter any interest in blocked property in violation of OFAC regulations, *see* 31 C.F.R. § 591.407.  Should the Court determine that OFAC regulations allow it to grant any other creditor more relief beyond what Red Tree requests, however, Red Tree should be granted such relief as well.

## STATEMENT OF FACTS

Red Tree owns debt issued by PDVSA under three contracts executed in 2015 and 2016 – two note agreements ("2015 Note Agreement" and "2016 Note Agreement") and one credit agreement ("2016 Credit Agreement").  *See Red Tree Invs., LLC v. Petróleos de Venez., S.A.*, No. 19 Civ. 2519 (S.D.N.Y.) ("-2519 Action"), D.I. 123 ¶¶ 6-36; *Red Tree Invs., LLC v. Petróleos de Venez., S.A.*, No. 19 Civ. 2523 (S.D.N.Y.) ("-2523 Action"), D.I. 124 ¶¶ 5-32.  After Venezuela's then-President Nicolás Maduro "decree[d] a refinancing and a restructuring of [Venezuela's] foreign debt," PDVSA has (other than making one partial payment) completely defaulted on its obligations under these contracts.  *See* Declaration of Justin M. Ellis in Support of Red Tree's Motion for Writ of *Fieri Facias* ("Ellis Decl."), Ex. 5; *Red Tree Invs., LLC v. Petróleos de Venez., S.A.*, Nos. 19 Civ. 2519 & 2523, 2021 WL 6092462, at *3 (S.D.N.Y. Dec. 22, 2021).

In February 2019, Red Tree brought two actions in New York state court against PDVSA and the debt's guarantor, PDVSA Petróleo, S.A. ("Petróleo"), to recover unpaid principal and interest due under these contracts.  *See* -2519 Action D.I. 1; -2523 Action D.I. 1.  PDVSA and

3

Petróleo removed both cases to federal court. *Id.* On December 22, 2021, the court granted summary judgment to Red Tree in both actions. *Red Tree*, 2021 WL 6092462, at *1. On January 6, 2022, the court entered judgment in both cases holding PDVSA and Petróleo jointly and severally liable to Red Tree in the amount of $246,341,597.24: $157,940,211.36 under the -2519 judgment, and $88,401,385.88 under the -2523 judgment. Ellis Decl., Exs. 3 & 4. On February 4, 2022, the court granted Red Tree leave to register its judgments in this District and denied PDVSA's motion to stay execution. *See* -2519 Action D.I. 162; -2523 Action D.I. 163; *see also* 28 U.S.C. § 1963.

Neither PDVSA nor Petróleo has paid any part of the judgments. Ellis Decl. ¶ 8. Nor is there any reason to believe they will try to do so anytime soon, given PDVSA's steadfast resistance to paying Red Tree and other creditors. At the same time, this Court is moving towards a judicial sale of PDVSA's PDVH shares – PDVSA's primary U.S. asset – to satisfy a $1.2 billion judgment held by Crystallex International Corporation. *See, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 17 Misc. 151 (D. Del.) ("*Crystallex*"), D.I. 348. A sale procedures order is currently under consideration by this Court. *See id.* D.I. 391. That order includes a proposal to bar additional judgment creditors after a specific date from participating in or benefitting from the sale. *See id.* D.I. 411-1 ¶ 29.

Meanwhile, other judgment creditors of PDVSA and Venezuela continue to move towards attachment and execution against those same assets, which may be insufficient to satisfy all creditors' claims. *See Crystallex*, No. 17 Misc. 151, D.I. 348 at 23-31; *see also Phillips*, D.I. 13; *OI*, D.I. 49; *Northrup*, D.I. 26; *ACL1*, D.I. 3. Red Tree therefore filed this action to enforce its judgment against PDVSA's shares in PDVH.

## ARGUMENT

**I.     THE PDVH SHARES ARE SUBJECT TO ATTACHMENT**

Federal Rule of Civil Procedure 69 permits enforcement of a money judgment by a writ of execution in accordance with "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Delaware law permits garnishment – "the attachment of a defendant's property in the hands of a third party" – to satisfy a judgment. *UMS Partners, Ltd. v. Jackson*, Nos. 94J-12-159H-17-076, 95E-01-043, 1995 WL 413395, at \*5 (Del. Super. Ct. June 15, 1995); *see* 10 Del. C. § 5031.  Delaware law specifically permits attachment of a debtor's shares in a Delaware corporation through a writ of attachment *fieri facias*.  8 Del. C. § 324(a); *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 932 F.3d 126, 134 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 2762 (2020).

Because PDVSA is an instrumentality of a foreign sovereign, the Foreign Sovereign Immunities Act (FSIA) also governs the writ's availability. *See* 28 U.S.C. § 1610(b). Under FSIA, an instrumentality's property in the United States may be "attach[ed] in aid of execution" of a judgment if: (1) the instrumentality is "engaged in commercial activity in the United States"; (2) the instrumentality has "waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly"; and (3) "a reasonable period of time has elapsed following the entry of judgment." 28 U.S.C. §§ 1610(b), (c).

Red Tree satisfies each of these requirements for attachment. Delaware law empowers Red Tree to attach PDVH's shares to satisfy its judgment. PDVSA does not enjoy any immunity under FSIA against attachment by Red Tree of the PDVH shares. And a reasonable time has elapsed since PDVSA's debts to Red Tree were reduced to judgment.

## A.      Delaware Law Permits Attachment of PDVSA's PDVH Shares

PDVSA is the sole owner of the PDVH shares.  In actions brought in this Court by PDVSA's and Venezuela's other creditors, PDVSA has consistently admitted that it is PDVH's 100% owner.  *See, e.g.*, *Crystallex*, No. 17 Misc. 151, D.I. 26 at 9 ("PDVSA owns 100% of the shares of PDVH, a Delaware Corporation."); *see also Phillips*, D.I. 11 at 1 (characterizing PDVH shares as assets belonging to PDVSA); *OI*, D.I. 65 at 1 (same); *Northrup*, D.I. 32 at 1 (same).  Indeed, PDVH's own website states that PDVSA "[o]wns 100% of" PDVH.  Ellis Decl., Ex. 8.  Because there is no dispute that PDVSA owns the PDVH shares, that property of the judgment debtor may be attached under Delaware law to satisfy Red Tree's unpaid judgment.  *See* 10 Del. C. § 5031; 8 Del. C. § 324(a).

## B.      FSIA's Requirements Are Satisfied

### 1.      The PDVH Shares Are "Property in the United States"

28 U.S.C. § 1610(b) permits execution on a sovereign instrumentality's "property in the United States," provided FSIA's other requirements are met.  There is no dispute that PDVH shares are "property in the United States."  PDVH is incorporated in Delaware.  *See* Ellis Decl., Ex. 7.  As a result, "[f]or . . . purposes of . . . attachment [and] garnishment," PDVH's shares are "regarded as in" Delaware and are thus property "in the United States" under the FSIA.  8 Del. C. § 169; *Alberta Sec. Comm'n v. Ryckman*, No. N13J-02847, 2015 WL 2265473, at *10 (Del. Super. Ct. May 5, 2015), *aff'd*, 127 A.3d 399 (Del. 2015) ("For attachment and garnishment purposes, the situs of ownership in a Delaware corporation is Delaware."); 28 U.S.C. § 1610(b).

### 2.      PDVSA Is Engaged in Commercial Activity in the United States

Section 1610(b) permits attachment of a sovereign instrumentality's property if the instrumentality is "engaged in commercial activity in the United States."  28 U.S.C. § 1610(b).  This protection is "narrower" than the protection afforded to "property of the foreign state itself"

under § 1610(a), which may be attached only if "the particular property subject to attachment" is "used for a commercial activity in the United States." *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 415 (D. Del. 2018); *see* 28 U.S.C. § 1610(a). "[C]ommercial activity" means "either a regular course of commercial conduct or a particular commercial transaction or act." 28 U.S.C. § 1603(d). Commercial actions include those that "(whatever the motive behind them) are the *type* of actions by which a private party engages in 'trade and traffic or commerce.'" *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992); *see Crystallex*, 932 F.3d at 150 n.15.

In *Crystallex*, the Third Circuit affirmed this Court's finding that PDVSA uses the PDVH shares for commercial activity in the United States, satisfying the stricter requirements for attachment under § 1610(a). *Crystallex*, 333 F. Supp. 3d at 418-19; *Crystallex*, 932 F.3d at 151. The Third Circuit observed that PDVSA could use the PDVH shares to "run its business as an owner, to appoint directors, approve contracts, and to pledge PDVH's debts for its own short-term debt." *Crystallex*, 932 F.3d at 151. As the Court of Appeals noted, the government of Interim President Juan Guaidó wielded that power to appoint an *ad hoc* administrative board for PDVSA that, in turn, selected a new board of PDVH directors.[1] *Id.* And PDVSA can use its shares of PDVH to direct PDVH's wholly owned subsidiary, CITGO, a multi-billion-dollar petroleum company with commercial operations throughout the United States. *See Crystallex*, 333 F. Supp.

---

[1] The Guaidó Government continues to wield that power, most recently by appointing three new directors to PDVSA's *ad hoc* administrative board in June 2020. *See Venezuela's opposition names new members to PDVSA ad-hoc board*, Reuters (June 30, 2020), https://reut.rs/3GoC55n. In turn, in June 2021, the new Guaidó-controlled PDVSA *ad hoc* administrative board named three new members of PDVH's board of directors. *See PDV Holding, Inc. Announces New Board Members Appointments*, PDV Holding (June 23, 2021), https://bit.ly/3AT4D6e; *Venezuelan opposition reshuffles boards overseeing U.S. refiner Citgo*, Reuters (June 2, 2021), https://reut.rs /3GiYukN.

3d at 417-18.  Nothing about PDVSA's ownership of the PDVH shares has changed since the Court's finding in *Crystallex*.  PDVSA is still PDVH's 100% owner, and can still use its shares to "run its business as an owner, to appoint directors, approve contracts," and to conduct CITGO's business.  *Crystallex*, 932 F.3d at 151; *see Crystallex*, 333 F. Supp. 3d at 417-18.

These facts satisfied the more stringent standard for attachment of a foreign sovereign's property under § 1610(a). They are thus more than enough to show that PDVSA is "engaged in commercial activity in the United States" under § 1610(b).  If PDVSA "use[s]" the PDVH shares for "commercial activity in the United States," 28 U.S.C. § 1610(a), it is necessarily also "engaged in commercial activity in the United States" under § 1610(b).

### 3.    PDVSA Has Waived Immunity from Attachment and Execution

Under § 1610(b), property of a sovereign's instrumentality may be subject to attachment if the instrumentality "has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly."  28 U.S.C. § 1610(b).  PDVSA explicitly waived immunity from attachment and execution in all three debt contracts at issue in this case.

In the 2015 Note Agreement, the 2016 Note Agreement, and the 2016 Credit Agreement, PDVSA executed comprehensive waivers of immunity from attachment or execution in near-identical terms.  PDVSA waived "any immunity from jurisdiction of any court or from any legal process" and "agree[d] not to assert . . . in any suit, action or proceeding the defense of sovereign immunity or any claim . . . that it is immune from any legal process (whether through . . . attachment in aid of execution, execution or otherwise) with respect to itself or its property or from attachment . . . in aid of execution by reason of sovereign immunity."  Ellis Decl., Ex. 9 at

8

§9.15(c); Ex. 10 at §9.15(c); Ex. 11 at §11.11(d).[2]  Those explicit waivers preclude any argument that PDVSA's assets are immune from attachment in aid of execution of Red Tree's judgments. *See, e.g.*, *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 82-83 (2d Cir. 2002) (contract stating that instrumentality "'waive[s] any . . . right of immunity (sovereign or otherwise) which it or its assets now has or may have in the future'" waived immunity under §1610(b)); *see also Libra Bank Ltd. v. Banco Nacional de Costa Rica, S.A.*, 676 F.2d 47, 49 (2d Cir. 1982) (contract waiving "any right or immunity from legal proceedings including suit judgment and execution" forfeited immunity from prejudgment attachment).

### 4.  A Reasonable Amount of Time Has Passed Since Entry of Judgment

Before a judgment creditor may attach or execute against a foreign sovereign's assets, FSIA requires a court to determine that "a reasonable period of time has elapsed following the entry of judgment."  28 U.S.C. §1610(c).  When deciding whether a given period after judgment is "reasonable" under §1610(c), courts consider "'evidence that the foreign state is actively taking steps to pay the judgment,' the steps necessary to pay the judgment, or evidence of evasion of the judgment."  *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 16 Civ. 661, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017); *see* H.R. Rep. 94-1487, at 6629 (1976).  Courts have found as little as ten days a "reasonable" time under §1610(c).  *See Elliott Assocs., L.P. v. Banco De La Nacion*, No. 96 Civ. 7916, 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (referencing the court's earlier ruling that "ten days was a reasonable period").

---

[2] Additionally, in the 2016 Credit Agreement, PDVSA represented and warranted that neither it nor its "properties, assets or revenues" were "entitled to any right of immunity in any jurisdiction from suit, court jurisdiction, judgment, attachment (whether before or after judgment), set-off or execution of a judgment or from any other legal process or remedy relating to the obligations of the Borrower" under the Credit Agreement.  2016 Credit Agmt. §5.27.

Under the circumstances, a reasonable time period has elapsed since entry of the judgment. "The 'reasonable period of time' formulation is meant to allow the foreign government sufficient time to work through its internal procedures to satisfy the judgment." *OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*, 419 F. Supp. 3d 51, 54-55 (D.D.C. 2019).  There is also no reason to believe that PDVSA or Petróleo, which are "highly-recalcitrant judgment debtor[s]," *Crystallex*, No. 17 Misc. 151, 2021 WL 129803, at *18 (D. Del. Jan. 14, 2021), will pay Red Tree's judgments.[3]  In fact, the available evidence suggests that the Maduro regime, which controls many of PDVSA's assets outside the United States, has deliberately chosen to default on this debt: PDVSA defaulted on this debt shortly after the Maduro regime announced its "restructuring" of debt, Ellis Decl., Ex. 5, even as it continued to pay other (secured) debts, Ellis Decl., Ex. 12 at 158 & Ex. 13 at 158.  The Guaidó Government, which controls PDVSA's U.S. assets, has also steadfastly refused to pay.  Given the breakdown of the Venezuelan political system, allowing PDVSA more time to pay these judgments would be futile.  *See OI Eur. Grp.*, 419 F. Supp. 3d at 54-55 (granting § 1610(c) relief where Venezuela was "functionally unable" to "take any actions to satisfy its debt"); *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venez.*, No. 18 Civ. 11940, 2021 WL 2168916, at *2 (S.D.N.Y. May 27, 2021) (similar finding); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. 01 Civ. 634, 2002 WL 32107929, at *2 (S.D. Tex. Jan. 25, 2002) (similar finding for another sovereign instrumentality); *Warmbier v. Democratic People's Republic of Korea*, No. 18 Civ. 977, 2019 WL 11276677, at *2 (D.D.C.

---

[3] Since 2017, at least seven creditors have registered foreign judgments and sought writs of attachment in the District of Delaware against PDVSA or the Republic of Venezuela.  *See* Nos. 20 Misc. 257 (Northrop Grumman Ship Systems, Inc.); 19 Misc. 342 (Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V.); 19 Misc. 290 (OI European Group B.V.); 19 Misc. 79 (Tidewater Investment SRL and Tidewater Caribe S.A.); 17 Misc. 151 (Crystallex International Corporation).  The fact that these judgments all remain unsatisfied shows that PDVSA or Petróleo have systematically chosen not to pay any of their judgment creditors.

Apr. 9, 2019) (clear evidence that sovereign did not intend to pay supported conclusion that reasonable time had passed).

Allowing steps towards execution now is all the more reasonable because PDVSA has long been on notice of Red Tree's claims.  Red Tree's claims were filed, and PDVSA was served with notice of the lawsuits, in February 2019.  PDVSA has actively litigated those claims for almost three years.  PDVSA also has known that it would be liable to Red Tree since the New York court granted summary judgment on December 22, 2021.  *See Karaha Bodas,* 2002 WL 32107929, at *2 (that defendant "kn[ew] the extent of its potential liability for over a year" but failed to "ma[ke] arrangements even to attempt to satisfy the judgment in the event it became necessary to do so" showed that a reasonable time had passed).  PDVSA has not suggested that it intends to pay its debt to Red Tree, nor has it tried to do so since judgment was entered.[4]  PDVSA's failure to take any steps towards paying its debts since judgment was entered, by itself, shows that a reasonable amount of time has elapsed.  *See* Ellis Decl. ¶8; *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001); *see Crystallex*, 2017 WL 6349729, at *1.  That is still so even if PDVSA is not actively trying to evade the judgment.  *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015); *see OI Eur. Grp.*, 419 F. Supp. 3d at 55 ("While there is no evidence of evasion, there is also no evidence of steps being taken to satisfy the judgment.").

Other creditors, meanwhile, have continued to move towards enforcing their judgments against PDVSA's limited U.S. assets – assets which may already be insufficient to pay the claims of PDVSA and Venezuela's many creditors.  *See Crystallex*, No. 17 Misc. 151, D.I. 348 at 23-31

---

[4] In fact, PDVSA argued in opposing these judgments that "sanctions on Venezuelan-related activities and persons coupled with the risk-adversity of the banking community rendered it impossible or highly impracticable for PDVSA to pay what it owed."  *Red Tree*, 2021 WL 6092462, at *1.  While the court rejected that argument, *id.*, the fact that PDVSA raised it further shows that PDVSA is either unwilling to pay or believes (incorrectly) that it is unable to pay.

11

(cataloguing claims against Venezuela and PDVSA).[5]   The sale process order currently under consideration by the Court in *Crystallex* imposes a deadline for additional judgment creditors to participate in the PDVH sale.  *Id.* at D.I. 411-1, ¶29.  Any further delay thus risks prejudicing Red Tree's ability to recover its own judgments.  Given that risk and the minimal probability that PDVSA will voluntarily pay Red Tree's judgments, there can be no reason to keep delaying enforcement.

## II.   SANCTIONS DO NOT BAR RED TREE'S REQUESTED RELIEF

### A.   Granting Red Tree's Motion Will Not "Transfer" or "Alter" PDVSA's Property

The Court can grant Red Tree's motion without violating OFAC regulations.  *See* 31 C.F.R. Part 591.  Those regulations impact judgment enforcement only to the extent it would "purport[ ] to transfer or otherwise alter or affect property or interests in [blocked] property."  31 C.F.R. § 591.407.  Though the regulations also provide that, absent an OFAC license, "any attachment, judgment, decree, lien, execution, garnishment, or other judicial process is null and void with respect to any [blocked] property," *id.* § 591.202(e), that provision must be read along with the more specific provisions of § 591.407.  In other words, an unlicensed "attachment, judgment, decree, lien, execution, [or] garnishment" is only "null and void," *id.* § 591.202(e), if it "purport[s] to transfer or otherwise alter or affect property or interests in [blocked] property," *id.* § 591.407.

Limiting the OFAC regulations' reach to actions that "transfer" or "alter" blocked property matches the purpose of such regulations – that is, ensuring that "control of [blocked] foreign

---

[5] *See also, e.g.*, *Northrop Grumman Ship Sys., Inc. v. Ministry of Defense of the Republic of Venez.*, No. 20 Misc. 257 (D. Del. filed July 31, 2020); *OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*, No. 19 Misc. 290 (D. Del. filed Nov. 04, 2019); *Phillips Petroleum Co. v. Petróleos de Venez., S.A.*, No. 19 Misc. 342 (D. Del. filed Nov. 26, 2019); *Tidewater Inv. SRL v. Bolivarian Republic of Venez.*, No. 19 Misc. 79 (D. Del. filed Apr. 3, 2019); *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 17 Misc. 151 (D. Del. filed June 19, 2017).

assets" remains "in the hands of the President." *Itek Corp. v. First Nat'l Bank of Bos.*, 704 F.2d 1, 9 (1st Cir. 1983) (quoting *Dames & Moore v. Regan*, 453 U.S. 654, 673 (1980)). Accordingly, OFAC has confirmed in its "Frequently Asked Questions" (FAQs) that the regulations do not restrict the ability to "initiate or continue U.S. legal proceedings against a person designated or blocked pursuant to OFAC's Venezuela sanctions program, or for a U.S. court, or its personnel, to hear such a case." U.S. Dep't of Treasury, OFAC, Venezuela Sanctions, FAQ No. 808 (Dec. 9, 2019), http://bit.ly/faq808.

Here, Delaware law governs the attachment process and thus sets the earliest point when property interests in the PDVH shares could be "transfer[red]" or "alter[ed]" under OFAC regulations. *See Crystallex*, 932 F.3d at 134; Fed. R. Civ. P. 69(a)(1). Delaware provides a multi-step process for attaching PDVSA's property. *See LNC Inv., Inc. v. Democratic Republic of Congo*, 69 F. Supp. 2d 607, 611-13 (D. Del. 1999). Once a court grants a motion for a writ of attachment *fieri facias*, it first directs the Clerk of Court to issue the movant's *praecipe*. *See, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 17 Misc. 151, 2018 WL 4026738, at *1 (D. Del. Aug. 23, 2018). Then, under that *praecipe*, the Clerk will issue the writ of attachment *fieri facias* to the U.S. Marshals Service. *See id.* at *1, *4; *LNC Inv., Inc.*, 69 F. Supp. 2d at 611-13. At that point, the U.S. Marshals Service will serve the writ on the third party holding the debtor's property. *See Wilmington Tr. Co. v. Barron*, 470 A.2d 257, 262-63 (Del. 1983); *Crystallex*, 2018 WL 4026738, at *1, *4.

Under Delaware law, only the last two steps in that process – issuing the writ to the U.S. Marshals Service and having a U.S. Marshal execute that writ – would have any effect on PDVSA's property interest. That is because a Delaware statute directs that "[a]n execution shall not bind goods and chattels until it is delivered to the sheriff or other proper officer to be executed." 10 Del. C. § 5081; *see Crystallex*, 2021 WL 129803, at *15 (applying § 5081 to a writ of attachment

related to PDVH shares).  In other words, under § 5081, an enforceable lien does not arise until the writ is delivered to the U.S. Marshals Service.  *See, e.g.*, *Short v. Landes*, 39 A.2d 17, 18 (Del. Super. Ct. 1944) (explaining that an earlier version of current § 5081 imposed a limited lien upon delivery of the writ to the sheriff).[6]  As a result, merely granting a motion for the writ will not affect the debtor's property until the U.S. Marshals Service receives a copy of that writ.

In this motion, Red Tree requests only that the Court find that it is entitled to a writ of attachment and instruct the Clerk of Court to issue a *praecipe* to that effect.  Rather than deliver the writ to the U.S. Marshals Service – which could alter PDVSA's property interests under § 5081 – Red Tree requests that delivery of the writ be stayed until the applicable sanctions are lifted or Red Tree is granted an appropriate license from OFAC.  Because granting that relief will not create any interest in the PDVH shares nor alter any other property interest in those shares until the Court lifts the stay, that relief will not implicate OFAC regulations.  *See Casa Express Corp. v. Bolivarian Republic of Venez.*, 492 F. Supp. 3d 222, 228 (S.D.N.Y. 2020) ("[A] party is prohibited from seizing, attaching, encumbering, or freezing such assets to enforce a judgment, but not from legal actions that stop short of transferring control of property.").

## B.   In the Alternative, This Court Should Permit Red Tree To Take Any Action Other Creditors Are Authorized To Take

While Red Tree has requested relief carefully tailored to avoid any steps prohibited by

---

[6] In 1975, the Delaware Supreme Court held that § 5081 does not apply to the sale of "goods" under Article 2 of the UCC and that, for such "goods," an enforceable lien does not exist until the sheriff levies on the debtor's property.  *Flemming v. Thompson*, 343 A.2d 599, 600 (Del. 1975). But Article 2 of the UCC does not apply here because PDVSA's stock in PDVH is not a "good." *See* 6 Del. C. § 2-105(1) ("goods" do not include "investment securities"); *Oak Priv. Equity Venture Cap. Ltd. v. Twitter, Inc.*, No. N14C-10-186, 2015 WL 7776758, at *5 n.49 (Del. Super. Ct. Nov. 20, 2015) (stock is "explicitly excluded from the definition of 'goods' under Article 2"). As a result, the plain text of § 5081 applies and dictates that the earliest point at which the attachment process could affect PDVSA's property interest in the PDVH shares is when the Clerk issues the writ of attachment for those shares to the U.S. Marshals Service.

14

OFAC sanctions, other creditors of Venezuela and PDVSA seeking in this Court to attach the PDVH shares have taken various positions on precisely what actions those sanctions permit. *See, e.g.*, *Phillips*, D.I. 13 at 6-8; *OI*, D.I. 49 at 34-35; *Northrup*, D.I. 26 at 17-19; *ACL1*, D.I. 3 at 17-18. If the Court allows any judgment creditor (including the creditors in *Northrop*, *OI*, *Philips*, and *ACL1*) relief relating to the PDVH shares beyond what Red Tree has specifically asked for in this motion, Red Tree requests that it be granted such relief as well.[7] Granting that relief will provide equal treatment between PDVSA's various creditors, avoid unnecessary motion practice in the aftermath of the Court's rulings, and avert a needless race to attach PDVSA's assets. Red Tree also reserves the right to supplement or amend this motion to incorporate further legal developments on this issue.

## **CONCLUSION**

Red Tree respectfully requests that this court enter an order (1) finding that the PDVH shares are subject to attachment to satisfy Red Tree's judgments; (2) directing the Clerk of the Court to issue Red Tree's *praecipe*; and (3) staying service of the writ until the sanctions permit an attachment or Red Tree obtains a license permitting the attachment. In the alternative, Red Tree respectfully requests that the Court grant it the same relief for the PDVH shares granted to any other creditors of PDVSA and the Republic.

---

[7] That said, Red Tree reserves its rights as to the priority and validity of any lien these creditors, or any others, have or may receive on the PDVH shares.

Dated:    February 8, 2022

Respectfully submitted,

LANDIS RATH & COBB LLP

Steven F. Molo (*pro hac vice* pending)
Justin M. Ellis (*pro hac vice* pending)
Lauren F. Dayton (*pro hac vice* pending)
Mark W. Kelley (*pro hac vice* pending)
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

/s/ Rebecca Butcher
Rebecca Butcher (#3816)
Jennifer L. Cree (#5919)
919 Market Street
Suite 1800
Wilmington, DE 19899
(302) 467-4400
butcher@lcrlaw.com
cree@lrclaw.com

Elizabeth K. Clarke (*pro hac vice* pending)
Pamela Yaacoub (*pro hac vice* pending)
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL  60654
Tel.: (312) 450-6700
Fax: (312) 450-6701

*Counsel for Red Tree Investments, LLC*